**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWIN GIOVANN GARCIA-MALDONADO, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 17-72200 Agency No. A206-093-995 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 5, 2020**
Pasadena, California

Before: M. SMITH, BADE, and BRESS, Circuit Judges.

Edwin Giovann Garcia-Maldonado, a native and citizen of Guatemala,

petitions for review of an order of the Board of Immigration Appeals (BIA)

affirming the decision of an immigration judge (IJ) denying his claims for asylum

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and withholding of removal.[1]  We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.     We review the agency's adverse credibility determination for substantial evidence and will not reverse unless the record compels a contrary conclusion.  *See Halim v. Holder*, 590 F.3d 971, 975 (9th Cir. 2009). Inconsistencies and omissions in a petitioner's testimony can support an adverse credibility determination.  *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185-86 (9th Cir. 2016); *Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010).  The IJ found that Garcia-Maldonado's testimony regarding the threats directed at him conflicted with the statements he made during his credible fear interview and in his affidavit supporting his asylum application.  The IJ also found that Garcia-Maldonado's statements during his credible fear interview and in his affidavit omitted significant details regarding the threats directed at his father about which he later testified at the merits hearing.  The BIA upheld the IJ's conclusion that these inconsistencies and omissions supported an adverse credibility determination, and we agree.  The record shows that Garcia-Maldonado's testimony regarding the threats directed at him and his father materially differed from his earlier statements to the asylum

---

[1] Garcia-Maldonado did not challenge the agency's denial of his requests for protection under the Convention Against Torture and for humanitarian relief. Thus, he waived those claims.  *See Jie Cui v. Holder*, 712 F.3d 1332, 1338 n.3 (9th Cir. 2013).

officer and from his affidavit.

An adverse credibility determination can also be supported by a petitioner's embellishment of his case. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). The BIA upheld the IJ's finding that Garcia-Maldonado embellished his case regarding the number of threats that he received before he left Guatemala. The record does not compel a contrary conclusion. Between his statements to an asylum officer during his credible fear interview, his affidavit in support of his asylum application, and his testimony during the merits hearing, Garcia-Maldonado progressively increased the number of threats that he purportedly received while living in Guatemala. In so doing, Garcia-Maldonado told "a much different—and more compelling—story of persecution than his initial application and testimony before the asylum officer," *id.*, justifying an adverse credibility determination, *see Halim*, 590 F.3d at 976.

Without Garcia-Maldonado's credible testimony, there is insufficient evidence in the record for him to meet his burden of proving eligibility for asylum.[2]

---

[2] By affirming the IJ's adverse credibility determination, it is apparent that the BIA intended to deny relief on that basis. Even if its decision were ambiguous, however, we would look to the IJ's decision, *see Morgan v. Mukasey*, 529 F.3d 1202, 1206 (9th Cir. 2008), which expressly held that "[w]ithout respondent's non-credible testimony, the remainder of his evidence does not establish eligibility for asylum."

2.      Even assuming Garcia-Maldonado testified credibly, we reject his argument that he is entitled to asylum based on membership in a particular social group.  Substantial evidence supports the agency's determination that "Guatemalans who are targeted by gangs because they witnessed family members killed and cooperated with law enforcement" is not a cognizable social group because the proposed group does not meet the particularity or social distinction requirements.[3]  *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (explaining that to show membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))).

The agency reasonably concluded that Garcia-Maldonado's proposed social group lacks particularity because it is amorphous and lacks definable boundaries and limits as to what constitutes "cooperation" with law enforcement.  And substantial evidence supports the agency's finding that the proposed group is not distinct.  *Compare Conde Quevedo v. Barr*, 947 F.3d 1238, 1243 (9th Cir. 2020)

---

[3] The agency also found that the proposed social group failed because it was defined in part by the harm suffered.  Because we conclude that substantial evidence supports the agency's rejection of the proposed social group for lack of particularity and social distinction, we do not reach that finding.

(holding proposed group of Guatemalans who "report the criminal activity of gangs to the police" was not distinct), *with Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1091-93 (9th Cir. 2013) (en banc) (holding proposed group of Salvadorans "who testified in court against gang members" was distinct).

Additionally, substantial evidence supports the agency's finding that Garcia-Maldonado is ineligible for asylum because he failed to establish the requisite nexus between his persecution and proposed social group. Substantial evidence supports the BIA's determination that his alleged persecution was not based on membership in any social group, but because he reported a specific crime.

3. Because Garcia-Maldonado did not establish membership in a proposed social group, his withholding of removal claim necessarily fails. *See Conde Quevedo*, 947 F.3d at 1242.

**PETITION DENIED.**

5